IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNE DAVIS,                          *

      Plaintiff,                 *

v.                                    *        Civil Action No. GLR-21-1582

JENNIFER LACLAIR, et al.,             *

      Defendants.              *

***

**<u>MEMORANDUM OPINION</u>**

THIS MATTER is before the Court on Defendants Ally Financial Inc. ("Ally"), and Jennifer LaClair's Motion to Dismiss (ECF No. 9) and Plaintiff Donne Davis's Motion to Have Case Remanded Back to Circuit Court for Baltimore City ("Motion to Remand") (ECF No. 13). The Motions are ripe for disposition, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2021). For the reasons set forth below, the Court will grant the Motion to Dismiss and deny the Motion to Remand.

**I.    BACKGROUND[1]**

**A.    <u>Factual Background</u>**

This case relates to a loan Plaintiff Donne Davis received in conjunction with his purchase of a 2018 Nissan Rogue, resulting in Defendants asserting a lien against the

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint, (ECF No. 4), and accepts them as true. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

vehicle. (Compl. at 1,[2] ECF No. 4). Davis asserts that on May 5, 2021, an unspecified Defendant "received and accepted [Davis's] Credit Agreement Payoff (CAP) Security Instrument." (Id.; see also Processing Mem. ["CAP Instrument"] at 1–3, ECF No. 9-2). Davis alleges that an unspecified Defendant accepted but did not "honor[]" the Credit Agreement Payoff Security Instrument ("CAP Instrument") and instead "continue[d] to harass" Davis for payment. (Compl. at 1). Davis maintains that the CAP Instrument "paid off the account" but that Defendants have not "properly credited" him for it. (Id.). According to Davis, Defendants "are treating the [CAP Instrument] as if it has no value." (Id.). Davis asserts that Defendants have "securitized" the CAP Instrument and the underlying loan. (Id.). Davis further alleges that Defendants "received credit" from the CAP Instrument "but have not credited the account to reflect the credit," nor have Defendants "refunded" Davis. (Id. at 2). Davis complains that Defendants continue to seek payment of the loan and that he fears "he will wake up and his property will be stolen by the Defendants." (Id.).

B.     **Procedural History**

On May 24, 2021, Davis filed a Complaint against Defendants in the Circuit Court for Baltimore City, Maryland. (ECF No. 4). The four-count Complaint alleges: default and breach of contract (Count One); fraud (Count Two); theft (Count Three); and intentional emotional distress (Count Four). (Compl. at 1–2). Davis seeks $85,000 in compensatory

---

[2] Although Davis has numbered the paragraphs in the Complaint, he repeats paragraph numbers underneath each Count. The Court will therefore reference the Complaint by page number.

and punitive damages and additional injunctive relief. (Id. at 2). Defendants removed the case to this Court on June 25, 2021. (ECF No. 1).

Defendants filed a Motion to Dismiss on July 2, 2021. (ECF No. 9). Davis did not file an opposition to the Motion. Instead, Davis filed a Motion to Remand on July 29, 2021. (ECF No. 13). Defendants filed an Opposition to the Motion to Remand on August 11, 2021. (ECF No. 14). Davis did not file a reply.

## II.   DISCUSSION

**A.   <u>Motion to Remand</u>**

### 1.   Standard of Review

A defendant may remove a state court action to federal court if the federal court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions that arise under federal law, 28 U.S.C. § 1331, or have an amount in controversy exceeding $75,000, exclusive of interests and costs, and complete diversity of citizenship, 28 U.S.C. § 1332(a).

A party seeking removal carries the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). The Court must strictly construe removal jurisdiction because removal jurisdiction raises significant federalism concerns. Id. Congress has expressed a "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Medish v. Johns Hopkins Health Sys. Corp., 272 F.Supp.3d 719, 722 (D.Md. 2017) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).

Accordingly, if federal jurisdiction is doubtful, the Court must grant a motion to remand. Mulcahey, 29 F.3d at 151.

**2.      Analysis**

The Court must first review Davis's Motion to Remand to determine if it has jurisdiction over this action. Defendants removed this case on the basis of diversity jurisdiction. (See Defs.' Not. Removal ¶¶ 1–5, ECF No. 1). Federal district courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). According to Defendants, Davis is a resident of Maryland, LaClair is a resident of North Carolina, and Ally is a Delaware corporation with its principal place of business in Michigan. (Defs.' Not. Removal ¶¶ 2–4).[3] Further, Davis is seeking damages of at least $85,000. (Id. ¶ 5; Compl. at 2).

Davis's Motion is straightforward. According to Davis, "LaClair is being sued as the Chief Financial officer for [Ally] which is her professional role with the business. Both defendants are registered to do business in Maryland." (Pl.'s Mot. Have Case Remanded Back Circuit Ct. Baltimore City ["Mot. Remand"] at 1, ECF No. 13). According to Davis, then, this Court lacks jurisdiction because he and Defendants are citizens of the same state, thereby defeating diversity jurisdiction.

---

[3] Although Davis does not include specific allegations regarding citizenship in his Complaint, the caption lists a Minnesota address under LaClair's name. (See Compl. at 1). Regardless of whether LaClair resides in Minnesota or North Carolina, neither party has asserted that she is a citizen of Maryland.

Davis's argument misses the mark. In the case of LaClair, an individual is a citizen of the state in which they are domiciled. See Ward v. Walker, 725 F.Supp.2d 506, 509 (D.Md. 2010) ("In determining citizenship, a person is a citizen of the state in which he is domiciled, meaning the state he considers his permanent home."). Whether LaClair is a resident of Minnesota or North Carolina, for purposes of diversity jurisdiction analysis, she is not a citizen of Maryland. Whether she is "registered to do business" in the State is immaterial for the purposes of diversity.

As to Ally, with certain exceptions not relevant here, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Ally has provided evidence demonstrating that it is incorporated in Delaware and maintains its principal office in Michigan. (See State Department Assessments & Taxation R. ["SDAT R."] at 1, ECF No. 14-2). The fact that Ally is registered to do business in Maryland does not make it a citizen of the State for purposes of diversity jurisdiction analysis. See Johnson v. Nutrex Rsch., Inc., 429 F.Supp.2d 723, 725 n.1 (D.Md. 2006) ("Contrary to Plaintiff's assertion, the mere fact that [Defendant] does business in Maryland . . . does not make Maryland the company's principal place of business, and therefore would not destroy diversity jurisdiction."). Accordingly, there is complete diversity between the parties.

As to the amount in controversy, subject to certain exceptions not relevant here, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). The Complaint included a demand for at least

$85,000. (Compl. at 2). The amount in controversy requirement is thus also satisfied. Accordingly, the Court will deny the Motion to Remand.

**B.      Motion to Dismiss**

**1.      Standard of Review**

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266,

268 (1994); <u>Lambeth v. Bd. of Comm'rs of Davidson Cnty.</u>, 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, <u>United Black Firefighters v. Hirst</u>, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

###    2.    Analysis

The Complaint contains claims for breach of contract, fraud, theft, and intentional emotional distress, which the Court construes as intentional infliction of emotional distress. Defendants move to dismiss all four counts for failure to state a claim for which relief may be granted. Davis has failed to respond to Defendants' Motion.[4] Because it is customary practice in this Court to deem claims abandoned to the extent a plaintiff fails to respond to a motion to dismiss those claims, the Complaint is subject to dismissal for this reason alone. <u>See</u> <u>O'Reilly v. Tsottles</u>, No. GLR-18-3622, 2021 WL 424415, at *7 (D.Md. Feb. 8, 2021) (citing cases). Nonetheless, the Court will briefly review the claims to determine whether they state a claim for which relief may be granted.

###    a.    Breach of Contract

Davis's first count is for breach of contract. "To state a claim for breach of contract, the plaintiff must show that the defendant owed him a contractual obligation and that the

---

[4] As required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), on July 6, 2021, the Clerk of Court informed Davis that: Defendants had filed a dispositive motion; he had twenty-eight days in which to file written opposition to the motion; and that if he failed to respond, the Court may dismiss this case or enter judgment against him. (ECF No. 10). To date, the Court has no record that Davis filed a response.

defendant breached that obligation." <u>All Weather, Inc. v. Optical Sci., Inc.</u>, 443 F.Supp.3d 656, 666 (D.Md. 2020) (quoting <u>Thaler v. Donald J. Trump for President, Inc.</u>, 304 F.Supp.3d 473, 477 (D.Md. 2018)). Further, "[t]he claim must 'allege with certainty and definiteness facts showing a contractual obligation.'" <u>Yarn v. Hamburger L. Firm, LLC</u>, No. RDB-12-3096, 2014 WL 2964986, at *3 (D.Md. June 30, 2014) (quoting <u>RRC Ne., LLC v. BAA Md., Inc.</u>, 994 A.2d 430, 440 (Md. 2010)).

Davis has failed to state a claim for breach of contract. As an initial matter, Davis's naked allegation that the CAP Instrument "was accepted" by Defendants, (Compl. at 1), is belied by the document itself, which contains no signature by Defendants nor other indication that Defendants agreed to bind themselves to the terms of the document. (<u>See</u> CAP Instrument at 1–3).[5] Moreover, the CAP Instrument "appears to be the same type of baseless, fraudulent attempt to eliminate debt that numerous courts have recognized as

---

[5] Ordinarily, a court may not consider extrinsic evidence when resolving a Rule 12(b)(6) motion. <u>See</u> <u>Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC</u>, 794 F.Supp.2d 602, 611 (D.Md. 2011). But this general rule is subject to several exceptions. First, a court may consider documents attached to the complaint, <u>see</u> Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic, <u>see</u> <u>Blankenship v. Manchin</u>, 471 F.3d 523, 526 n.1 (4th Cir. 2006). Second, a court may consider documents referred to and relied upon in the complaint—"even if the documents are not attached as exhibits to the complaint." <u>Fare Deals Ltd. v. World Choice Travel.com, Inc.</u>, 180 F.Supp.2d 678, 683 (D.Md. 2001). Third, a Court may consider matters of public record. <u>Philips v. Pitt Cnty. Mem. Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009). In the event that any of these properly considered extra-pleading materials conflict with the "bare allegations of the complaint," the extra-pleading materials "prevail." <u>Fare Deals</u>, 180 F.Supp.2d at 683; <u>accord</u> <u>RaceRedi Motorsports, LLC v. Dart Mach., Ltd.</u>, 640 F.Supp.2d 660, 664 (D.Md. 2009).

Here, Defendants enclose a copy of the CAP Instrument to their Motion to Dismiss. Davis clearly refers to and relies on in the CAP Instrument in the Complaint. Accordingly, the Court may consider the document as part of its review of Defendants' Motion.

frivolous." Johnson v. Santomassimo, No. RDB-21-766, 2021 WL 2155052, at *7 (D.Md. May 27, 2021) (internal quotation marks omitted) (citing cases), aff'd, No. 21-1720, 2021 WL 5412252 (4th Cir. Nov. 19, 2021). The document is "nothing more than words strung together on a piece of paper which lack any cohesive meaning and convey nothing." Id. (quoting U.S. Bank, N.A. v. Phillips, 852 N.E.2d 380, 382 (Ill.App.Ct. 2006)); see also Bryant v. Washington Mut. Bank, 524 F.Supp.2d 753, 760 (W.D.Va. 2007) ("In short, the legal authorities Plaintiff cites and the facts she alleges suggest that she did not tender payment, but rather a worthless piece of paper."), aff'd, 282 F.App'x 260 (4th Cir. 2008). Consequently, "[a]t best, this document purports to be just another promise of payment by Plaintiff." France v. Mackey, No. 2:20-CV-2424-BHH-MHC, 2020 WL 6385562, at *7 (D.S.C. Oct. 7, 2020), rep. and recommendation adopted sub nom., James v. Mackey, No. CV 2:20-2424-BHH, 2020 WL 6384640 (D.S.C. Oct. 30, 2020). Accordingly, the CAP Instrument cannot and does not establish certain and definite facts showing a contractual obligation, and the Court will dismiss Count One for failure to state a claim for which relief may be granted.[6]

---

[6] Further, to the extent Davis argues that Defendants breached or are in default of the CAP Instrument, Davis has failed to plead facts showing that the document is a contract. "The necessary elements of a contract are an offer, acceptance, and valuable consideration." France, 2020 WL 6385562, at *7 (quoting Sauner v. Pub. Serv. Auth. of S.C., 581 S.E.2d 161, 166 (S.C. 2003)). Here, "there are no allegations of acceptance or valuable consideration, much less a breach by Defendants of any agreement or damages flowing therefrom." Id. Accordingly, Davis's breach of contract claim must be dismissed.

    **b.**  **Fraud**

    Davis next asserts a claim for common law fraud. The elements of common law

fraud in Maryland are:

> (1) the defendant made a false representation to the plaintiff,
> (2) the falsity of the representation was either known to the
> defendant or the representation was made with reckless
> indifference to its truth, (3) the misrepresentation was made for
> the purpose of defrauding the plaintiff, (4) the plaintiff relied
> on the misrepresentation and had the right to rely on it, and (5)
> the plaintiff suffered compensable injury as a result of the
> misrepresentation.

Brooks v. Mortg. Invs. Corp., No. WDQ-13-1566, 2014 WL 105477, at *5 (D.Md. Jan. 8,

2014) (quoting Hoffman v. Stamper, 867 A.2d 276, 292 (Md. 2005)). Moreover,

allegations of fraud implicate the heightened pleading standard set forth in Federal Rule of

Civil Procedure 9(b). Cozzarelli v. Inspire Pharm. Inc., 549 F.3d 618, 629 (4th Cir. 2008).

The rule states: "In alleging fraud . . . a party must state with particularity the circumstances

constituting fraud[.]" Fed.R.Civ.P. 9(b). Under the rule, a plaintiff alleging claims that

sound in fraud "must, at a minimum, describe the time, place, and contents of the false

representations, as well as the identity of the person making the misrepresentation and what

he obtained thereby." U.S. ex rel. Owens v. First Kuwaiti Gen. Trading & Contracting Co.,

612 F.3d 724, 731 (4th Cir. 2010) (quoting U.S. ex rel. Wilson v. Kellogg Brown & Root,

Inc., 525 F.3d 370, 379 (4th Cir. 2008)). In other words, "Rule 9(b) requires plaintiffs to

plead the who, what, when, where, and how: the first paragraph of any newspaper

story." Crest Constr. II, Inc. v. Doe, 660 F.3d 346, 353 (8th Cir. 2011) (quoting Summerhill

v. Terminix, Inc., 637 F.3d 877, 880 (8th Cir. 2011)).

Davis's claim for fraud, which comprises all of four sentences, fails entirely to state a claim for which relief may be granted. It does not allege a false representation, describe Defendants' knowledge of the falsity of the representation, or allege how Davis relied on the misrepresentation and suffered harm as a result. It also provides no detail regarding the who, what, when, where, and how of the fraud. Accordingly, Davis has not adequately stated a claim for fraud, and the Court will dismiss Count Two.

        **c.**       **Theft**

Davis asserts a claim against Defendants for "theft," which the Court construes as a claim for conversion. Under Maryland law, conversion consists of "a physical act combined with a certain state of mind." Ark. Nursing Home Acquisition, LLC v. CFG Cmty. Bank, 460 F.Supp.3d 621, 646 (D.Md. 2020) (quoting Neal v. Pentagon Fed. Credit Union, No. ELH-18-451, 2018 WL 5786119, at *19 (D.Md. Nov. 5, 2018)). The physical component requires "any distinct act of ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it." Id. (quoting Neal, 2018 WL 5786119, at *19). The intent element involves "an intent to exercise a dominion or control over the goods which is in fact inconsistent with the plaintiff's rights." Id. (quoting Neal, 2018 WL 5786119, at *19). Therefore, for a plaintiff to successfully state a claim for conversion, he must allege that "he . . . had a property interest in property that was allegedly converted." Id. (quoting Brass Metal Prods., Inc. v. E-J Enters., 984 A.2d 361, 378 (Md.Ct.Spec.App. 2009)). Further, money "is generally not subject to conversion claims." Id. An exception exists, however, for "specific segregated or identifiable funds." Allied Inv. Corp. v. Jasen, 731 A.2d 957, 966 (Md. 1999).

Davis has failed to state a claim for conversion. He asserts that he "paid" Defendants in May 2021, but his only allegation of payment appears to rely on the CAP Instrument, which on its face conveys no actual payment to Defendants. Similarly, Davis's naked allegations that Defendants have failed to "refund[] [his] over payment" and received some unspecified "credit" from the CAP Instrument—which, as set forth above, lacks any cohesive meaning and conveys nothing—are not facially plausible. In any event, Davis's claim for conversion appears to be premised on the theft of money, and the Complaint includes no allegations that the money in question takes the form of "specific funds that are being held separate and apart." See Johnson v. Wheeler, 492 F.Supp.2d 494, 510–11 (D.Md. 2007). Accordingly, Davis has failed to properly plead a claim for conversion of money under Maryland law, and Count Three will be dismissed for failure to state a claim for which relief may be granted.

### d.      Intentional Infliction of Emotional Distress

Davis's last count is for "intentional emotional distress," which the Court construes as a claim for intentional infliction of emotional distress ("IIED"). In Maryland, to sufficiently state a claim for IIED, a plaintiff must allege: (1) conduct that is "intentional or reckless"; (2) conduct that is "extreme and outrageous"; (3) "a causal connection between the wrongful conduct and the emotional distress"; and (4) emotional distress that is "severe." Takacs v. Fiore, 473 F.Supp.2d 647, 651–52 (D.Md. 2007) (quoting Harris v. Jones, 380 A.2d 611, 614 (Md. 1977)). As to the second element, the standard for "extreme and outrageous" conduct is "quite high." Tyndall v. Berlin Fire Co., No. ELH-13-02496, 2015 WL 4396529, at *34 (D.Md. July 16, 2015). The conduct must be "so outrageous in

character, and so extreme in degree," that it goes "beyond all possible bounds of decency." Arsham v. Mayor of Balt., 85 F.Supp.3d 841, 850 (D.Md. 2015) (quoting Harris, 380 A.2d at 614). Put differently, the conduct must "completely violate human dignity" and "strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung." Interphase Garment Sols., LLC v. Fox Television Stations, Inc., 566 F.Supp.2d 460, 466 (D.Md. 2008) (quoting Hamilton v. Ford Motor Credit Co., 502 A.2d 1057, 1064 (Md.Ct.Spec.App. 1986)).

Davis's IIED claim must fail because he does not allege that the conduct of Defendants was extreme and outrageous. Indeed, as best the Court can tell, Davis premises his IIED claim entirely on Defendants contacting him to collect a debt, which he frames as "threatening to steal" his property. (Compl. at 2). But this Court and Maryland appellate courts have routinely rejected IIED claims premised on such conduct:

> In the context of creditors, even "threats to sue, threats to ruin [plaintiff's] credit, and threats to attach [plaintiff's] house and property" have failed this test of outrageousness. Hamilton v. Ford Motor Credit Co., 66 Md.App. 46, 502 A.2d 1057, 1063–64 (Md.App.1986). Creditors "have the right to insist on payment of just debts and may threaten legal proceedings" even when persistent attempts to extract payments "were unquestionably offensive" to the plaintiff. Id. at 1064. See also Dick v. Mercantile–Safe Deposit & Trust Co., 63 Md.App. 270, 492 A.2d 674, 676–77 (Md.App.1985) (no claim for creditor's repeated insults and shouts, threats to attach plaintiffs' house and salary if they declared bankruptcy, and demands that they not contest a summary judgment proceeding to collect debts).

<u>Gibbons v. Bank of Am. Corp.</u>, No. JFM-08-3511, 2012 WL 94569, at *8 (D.Md. Jan. 11, 2012). Accordingly, Davis fails to state an IIED claim for which relief may be granted, and the Court will dismiss Count Four.

### III.    CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss (ECF No. 9) and deny Davis's Motion to Remand (ECF No. 13). A separate Order follows. Entered this 24th day of January, 2022.

_____/s/_____
George L. Russell, III
United States District Judge
